# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERYL BEYER,

        Petitioner,        Case No. 02-C-1229

        v.

STEVE WATTERS, Institute Director,[1]
Sand Ridge Secure Treatment Facility,

        Respondent.

## DECISION AND ORDER

Deryl Beyer, who is in the custody of the State of Wisconsin, has filed a Petition seeking habeas corpus relief under 28 U.S.C. § 2254. In 1998, Beyer, having been released from a sentence for a sexually violent offense, was committed to a secure mental health facility after a jury found him to be a sexually violent person. It appears that he is raising three issues in support of his habeas Petition:

    1. Whether the trial court had jurisdiction to determine probable cause for finding that Beyer is a sexually violent person;

    2. Whether Wisconsin Chapter 980[2] violates due process because it permits involuntary, indefinite civil

---

[1] Steve Watters. Institute Director of the Sand Ridge Secure Treatment Facility where Deryl Beyer is currently in custody is substituted for Byran Bartow, Beyer's former custodian, as the Respondent in this action.

[2] Chapter 980 of the Wisconsin Statutes is titled "Sexually Violent Person Commitments."

commitment without the constitutionally required separate finding that the person suffers a mental disorder that makes it difficult to control his dangerous behavior;

    3. Whether the Wisconsin pre-Crane[3] jury instruction on mental disorder and substantial probability misstate the law under Crane, mislead the jury and violate Beyer's substantive due process rights.

Beyer's Petition is timely in that it was filed within one year of the date that his judgment of commitment became final.[4] This court, which is located in the district where Beyer was in custody when he filed his Petition, is empowered to consider this Petition by 28 U.S.C. § 2241(d).

The Respondent has answered and has denied that Beyer is entitled to relief. The issues raised have been fully briefed by the parties.

## I. STANDARDS FOR COLLATERAL REVIEW

Beyer's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) (enacted April 24,

---

[3] Kansas v. Crane, 534 U.S. 407 (2002).

[4] Beyer did not file his Petition on the official form which asks for citations to and copies of any appellate decisions arising from the underlying case. As a result, this court was unaware that Beyer filed a petition for a writ of certiorari with the United States Supreme Court on December 27, 2002, which was after he had filed his Petition on December 18, 2002. The court was not aware of this development until the Respondent filed his Answer on April 9, 2003. By that time, the United States Supreme Court had denied certiorari. See 537 U.S. 1210 (2003). The filing of a petition for a writ of certiorari should have deprived this court of jurisdiction. See generally Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987).

2

1996), which requires federal courts to give great deference to state court determinations. The AEDPA provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The United States Supreme Court has explained the meanings of the statutory terms "contrary to" and "unreasonable application of" contained in 28 U.S.C. § 2254(d)(1). The Court wrote that:

> As we stated in Williams, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. at 404-405, 120 S. Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. Id. at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. Id. at 407-408, 120 S. Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one. Id. at 409-410, 120 S. Ct. 1495. See also id. at 411, 120 S. Ct. 1495 (a federal habeas corpus may not issue a writ under the unreasonable application clause "simply because that court

3

> concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. 685, 694 (2002).

Courts analyzing a habeas corpus claim must first determine whether the issue is solely a question of law, or a mixed question of law and fact, or solely a question of fact. See Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The "contrary to" clause of subsection 2254(d)(1) applies solely to questions of law. See Id. at 869. It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law as determined by the Supreme Court of the Untied States that prevails." Id. Subsection 2254(d)(1) refers to the holdings, as opposed to the *dicta*, of the Supreme Court's decision as of the time of the relevant state-court decision. See Williams v. Taylor, 520 U.S. 362, 411 (2000).

The disposition of a federal constitutional claim is governed by 28 U.S.C. § 2254(d) even if the state court's analysis of that claim refers solely to state law. As long as a constitutional issue was decided on its merits by the state court, a federal court addressing a habeas corpus petition can conduct an independent review of the applicable law to decide whether the state law cited by the state court is in conformity with federal law as established by the United States Supreme Court. See Fullwood v. Lee, 290 F.3d 663, 677 (4th Cir. 2002), cert. denied, 123 S. Ct. 890 (2003).

In cases where mixed questions of law and fact arise, federal courts will not grant collateral relief from a state court judgment unless the state court's judgment

4

is "unreasonable." Id. at 870. Mixed constitutional questions of law and fact are those decisions "which require the application of a legal standard to the historical-fact determinations." Thompson v. Keohane, 516 U.S. 99, 109 (1995). Unreasonableness equates to a demonstration of incorrectness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). In determining whether a state court's application of Supreme Court case law was reasonable, a federal court must assess whether the determination was minimally consistent with the facts and circumstances of the case. See Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997); Hannon v. Cooper, 109 F.3d 330, 334-35 (7th Cir.), cert. denied, 522 U.S. 819 (1997). The statutory "unreasonableness" standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes. See Spreitzer v. Peters, 114 F.3d 1435, 1442 (7th Cir. 1997), cert. denied, 522 U.S. 1120 (1998); Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir.), cert. denied, 522 U.S. 907 (1997).

Finally, facts found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Williams v. Parke, 133 F.3d 971, 973 (1998). The AEDPA amended the habeas corpus statute to provide that:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an

> evidentiary hearing on the claim unless
> the applicant shows that:--
>
> > (A) the claim relies on–
> >
> > > (I) a new rule of constitutional law,
> > > made retroactive to cases on collateral
> > > review by the Supreme Court, that was
> > > previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have
> > > been previously discovered through
> > > the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be
> > sufficient to establish by clear and
> > convincing evidence that but for constitutional
> > error, no reasonable factfinder would have
> > found the applicant guilty of the underlying
> > offense.

28 U.S.C. § 2254(e).

Beyer has not shown entitlement to an evidentiary hearing under this standard and has not submitted clear and convincing evidence to rebut the presumption that the facts set forth by the Wisconsin Court of Appeals are correct.

## II. FACTS

The Wisconsin Court of Appeals recounted the following facts leading to Beyer's custodial status:

> Beyer was convicted of first-degree sexual assault in 1981 and sentenced to twenty years in prison. As his release date approached, the State petitioned for his commitment as a sexually violent person under Wis. Stat. ch. 980. Pursuant to Wis. Stat. § 980.04 (1995-96), [FN1] the trial court ordered that Beyer continue to be detained for purposes of the petition and that a probable cause hearing be held within seventy-two hours.

6

> FN1. All references to the Wisconsin Statutes are to the 1995-96 version unless otherwise noted. Wisconsin Stat. § 980.04 states in relevant part:
>
> (1) Upon the filing of a petition under s. 980.02, the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition. .... A detention order under this subsection remains in effect until the person is discharged after a trial under s. 980.05 or until the effective date of a commitment order under s. 980.06, whichever is applicable.
>
> (2) Whenever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays and legal holidays. If the person named in the petition is not in custody, the court shall hold the probable cause hearing within a reasonable time after the filing of the petition.

On the day the hearing was scheduled, October 12, 1998, Beyer filed a request for judicial substitution at approximately 5:00 p.m. A new judge was assigned to the case on October 22, 1998, but the probable cause hearing was not held until December 14, 1998.

After the hearing, the trial court found probable cause to believe that Beyer was a sexually violent person as defined in Wis. Stat. ch. 980, and the case proceeded to a jury trial pursuant to Wis. Stat. § 980.05. The jury found Beyer to be a sexually violent person, and the trial court entered a judgment ordering him committed to a secure mental health facility.

In re Commitment of Beyer, 247 Wis.2d 13, 17-18 (Ct. App.), 632 N.W.2d 627, 628-29 (2001), review denied, 257 Wis.2d 116, 653 N.W.2d 888 (2002), cert. denied, 537 U.S. 1210 (2003).

The Wisconsin Court of Appeals affirmed in part and reversed in part. The appellate court remanded the case to the trial court solely for a hearing on whether the state filed the commitment petition within the ninety days of Beyer's discharge or release from a sentence imposed for a sexually violent offense as required under state law. In re Commitment of Beyer, 247 Wis.2d 13, 17-18 (Ct. App.), 632 N.W.2d 627, 628-29 (2001), review denied, 257 Wis.2d 116, 653 N.W.2d 888 (2002), cert. denied, 537 U.S. 1210 (2003). Beyer did not raise the 90-day issue in the instant habeas corpus petition.

### III. DISCUSSION AND DECISION

#### A. JURISDICTION[5]

Beyer argues that the Wisconsin courts were without jurisdiction or competence to commit him as a sexually violent person because his probable cause

---

[5] The Wisconsin Court of Appeals has explained that:

> . . . . Subject matter jurisdiction and competence are terms that have been used and defined inconsistently by courts and commentators across the country. Kett v. Community Credit Plan, Inc., 228 Wis. 2d 1, 13 n. 12, 596 N.W.2d 786 (1999). The supreme court has stated that no circuit court is without subject matter jurisdiction, and that a circuit court's inability to adjudicate the specific case before it because of a failure to comply with a statutory requirement is more properly termed a loss of competence. See Id. We therefore refer to competence rather than jurisdiction. As the supreme court has noted, the critical focus is not on the terminology, but on the effect of non-compliance with a statutory requirement. See Id.

In re Commitment of Beyer, 247 Wis. 2d at 19 n.2.

hearing was held more than seventy-two hours after the state filed its petition for his commitment. Beyer contends that holding a hearing within seventy-two hours is mandatory under section 90.02 of the Wisconsin Statutes.[6]

The Wisconsin Court of Appeals addressed this issue by first pointing out that Beyer himself had triggered the delay by filing a motion for judicial substitution after business hours on the day the hearing was scheduled. The assigned judge was the sole judge in the county, so proceedings were delayed for approximately two months until another judge could conduct the hearing.

After considering principles of statutory construction and the purpose and history of the statute, the Wisconsin court ruled that the language in section 980.02 requiring a probable cause hearing within seventy-two hours is not mandatory, but directory. The court then went on to rule that, under the circumstances of the Beyer

---

[6] Section 980.02 of the Wisconsin Statutes provides in relevant part that:

> (1) Upon the filing of a petition under s. 980.02, the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition. . . . A detention order under this subsection remains in effect until the person is discharged after a trial under s. 980.05 or until the effective date of a commitment order under s. 980.06, whichever is applicable.
>
> (2) Whenever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays and legal holidays. If the person named in the petition is not in custody, the court shall hold the probable cause hearing within a reasonable time after the filing of the petition.

9

case, the delay was reasonable and did not offend the Due Process Clause. See In re Commitment of Beyer, 247 Wis.2d at 23, 633 N.W.2d at 631.

In once again challenging what he believes to be a violation of section 980.02, Beyer has not raised a cognizable issue in this habeas proceeding. He is merely alleging a violation of state law. Federal courts may entertain an application for a writ only on the ground that the petitioner's confinement violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3). Relief for violations of federal law by the state will be granted only if the violation rises to the level of a "fundamental defect which inherently results in a complete miscarriage of justice" or is inconsistent with rudimentary demands of fair procedure. See Reed v. Farley, 512 U.S. 339, 353 (1994). Violations of state law are not cognizable in a proceeding under 28 U.S.C. § 2254 unless such violations are of constitutional magnitude. See Pulley v. Harris, 465 U.S. 37, 741 (1984).

In this case Beyer has failed to show that his jurisdictional challenge involves an alleged violation of constitutional magnitude and he has failed to establish that the ruling of the Wisconsin Court of Appeals is contrary to any United States Supreme Court precedent. Therefore, this court will not grant the writ on this ground.

## B. DUE PROCESS

Next, Beyer claims that his rights under the Due Process Clause were violated during the commitment proceeding because Chapter 980 of the Wisconsin Statutes permits involuntary, indefinite civil commitment without the constitutionally required separate finding that a defendant suffers a mental disorder that makes it

10

difficult to control his dangerous behavior. He also claims that the jury instruction based on Chapter 980 which was given in his case violates the United States Supreme Court's holding in Kansas v. Crane, 534 U.S. 407 (2002).

Beyer did not raise these due process issues when he filed his state appeal after his 1998 commitment hearing. The Court of Appeals denied his appeal in 2001. Kansas v. Crane was not decided by the United States Supreme Court until the next year. When Beyer filed a petition for review with the Wisconsin Supreme Court in 2002, he raised the due process issue for the first time. By that time, the Wisconsin Supreme Court had ruled in In re Commitment of Laxton, 254 Wis. 2d 185, 547 N.W.2d 784 (2002), that neither Chapter 980 nor the related jury instruction violate a defendant's right to due process by not requiring the jury to make a separate factual finding that a defendant has serious difficulty controlling his sexually dangerous behavior. Subsequently, the Wisconsin Supreme Court summarily denied review in Beyer's case. Given this series of events, the Respondent argues that Beyer did not properly exhaust his due process claims because he did not assert them until he sought review by the Wisconsin Supreme Court.

Even if Beyer can be said to have exhausted these claims in the state courts, he cannot prevail. While his Petition has been pending in this court, the Court of Appeals for the Seventh Circuit addressed Laxton's federal habeas petition which raised the same due process issues that he had raised in Wisconsin's courts. See generally Laxton v. Bartow, 421 F.3d 565 (7th Cir. 2005). The Seventh Circuit held that the Wisconsin Supreme Court's due process ruling in Laxton was not unreasonable or contrary to United States Supreme Court precedent. See Id.

11

The Transcript of Beyer's hearing is replete with testimony that Beyer could not control his predatory behavior toward young girls. Sheila Fields, a psychologist, offered the opinion that "Beyer is in the high-risk area of sex reoffender." Transcript (I) at 244. Dr. Stephen Dal Cerro agreed with this evaluation and stated that it was substantially probable that Beyer would reoffend. See Transcript (II) at 74.

The jury having heard this testimony, the finding of Beyer's serious difficulty in controlling his behavior was implicit in their conclusion that Beyer met the statutory definition of a sexually violent person. Thus, under Laxton v. Bartow, there was no due process violation, so the court will not grant the writ on this ground.

## ORDER

For the reasons explained above, the court ORDERS that Deryl Beyer's "Petition for Writ of Habeas Corpus" (filed December 18, 2002) IS DENIED.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> This action came on for hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,
>
> IT IS ORDERED AND ADJUDGED
>
> that Deryl Beyer's petition for a writ of habeas corpus is denied and that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 31st day of March, 2006.

        s/ Thomas J. Curran
        Thomas J. Curran
        United States District Judge